[No. 20894. Department Two. — March 7, 1892.]

THE PEOPLE, Respondent, v. JAMES ARTHUR et al., Appellants.

Criminal Law — Burglary — Appeal — Review of Evidence. — Although the evidence upon an accusation of burglary may be such as to leave room for a plausible argument to the jury that the guilt of the defendants had not been sufficiently established, yet if it so presents an issue of fact as to place the determination of such issue within the proper province of the jury, the verdict will not be disturbed on appeal for insufficiency of the evidence to sustain it.

Id. — Evidence — Part of Preliminary Examination — Explanatory Part. — Where the defendants introduce a part of the written testimony of a witness, which had been taken upon the preliminary examination, it is not error for the court to allow the prosecution to introduce a preceding part of such testimony, substantially upon the same subject, and explanatory and illustrative of the part introduced by the defendants.

Appeal from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John C. Deuel*, for Appellants.

*Attorney-General Hart, Deputy Attorney-General Jackson, W. D. Tupper*, and *H. H. Welsh*, for Respondent.

McFarland, J. — The defendants were convicted of burglary in the first degree, and appeal from the judgment, and an order denying a new trial. There are a great many points formally made in the bill of exceptions, and merely alluded to in appellants' brief, which it would serve no valuable purpose to notice in detail. We see no material error of law committed by the trial court; and the real question in the case is, whether this court should grant a new trial because the evidence is insufficient to sustain the verdict.

There was evidence showing, or tending to show, among other things, that early on the morning after the burglary, footsteps were traced from the barber-shop burglarized to a vacant building near by, in which the defendants were found apparently asleep; that goods taken from the barber-shop were found concealed under

sawdust in said building, within a few feet of the place where defendants were sleeping; that other goods taken from a store adjoining the barber-shop, which store had also been burglarized on the same occasion, were found concealed near the entrance of said vacant building, beneath some old pipe and barrels; that some chisels were found concealed in said building, one of which fitted the marks on the door of the barber-shop, which had been evidently forced open by the use of some hard instrument; that within one or two days before the commission of the burglary, one of the defendants inquired of a boot-black connected with the barber-shop how much money he was making, and where he kept it; and that the day after the burglary, one of the defendants was heard telling his young brother to go to the spot where a part of the goods were afterwards found, and see if they were still there. No doubt the evidence left room for a plausible argument to the jury that the guilt of the defendants had not been sufficiently established; but it so presented an issue of fact as to place the determination of such issue entirely within the proper province of the jury.

There was no error in the instructions given by the court on its own motion, or at the reqnest of the prosecution; and all the instructions asked by defendants were allowed.

The defendants introduced a part of the written testimony of the witness James Wilson which had been taken at the preliminary examination; and it was not error for the court to allow the prosecution to introduce a preceding part of that testimony, as it was substantially upon the same subject, and explanatory and illustrative of the part introduced by the defendants.

The point sought to be made as to the cross-examination of defendants' witness Henry Arthur does not properly appear in the record.

There are no other points which need special notice.

Judgment and order denying a new trial affirmed.

HARRISON, J., and DE HAVEN, J., concurred.